UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM CAREY, et al.,

                    Plaintiffs,

     v.

LISA SALVADORE, et al.,

                 Defendants.

DECISION AND ORDER
&
REPORT AND RECOMMENDATION
18-CV-6307-DGL-MJP

**Pedersen, M.J.** Plaintiffs, as administrators of the estate of Michael Carey, are suing registered nurse Lisa Salvadore ("Salvadore") alleging that on the evening of April 18, 2015, while an inmate at Groveland Correctional Facility, Michael Carey suffered a severe asthma attack and died. Plaintiffs contend that Salvadore was at fault because she slept through her shift and was not awakened by several inmates who attempted to wake her to assist the deceased.

On April 29, 2021, Plaintiffs moved before this Court to amend their complaint. (Pls.' Mot. to Amend, ECF No 88.) Salvadore opposes the application (Def.'s Mem. in Opp'n, ECF No 92-1) and has also filed a cross-motion to dismiss the complaint (Def.'s Mot. to Dismiss, ECF No 74), to which Plaintiffs responded in opposition (Pls.' Mem. in Opp'n, ECF No 83). For the reasons stated below, the Court grants Plaintiffs' motion to amend the complaint, and reports and recommends that the District Court deny Salvadore's cross-motion to dismiss.

## STANDARD OF LAW

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, as here, the deadline to amend the pleadings as set forth in the scheduling order has passed, Rule 16 permits modification of the case schedule "for good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4). In such circumstances, the more lenient standards of Rule 15 must be balanced with Rule 16(b)'s requirement of a good cause showing. *See Tailored Lighting, Inc. v. Osram Sylvania Prods, Inc.*, 255 F.R.D 340, 346 (W.D.N.Y. 2009). "Scheduling orders are not the Code of Hammurabi," and Second Circuit courts have regularly allowed amendments to be made beyond the deadline imposed in the scheduling order, especially at early stages in the litigation. *See, Coale v. Metro-North R.R. Co.,* No. 3:08-cv-1307 (CSH), 2009 WL 4881077, at *3 (D. Conn. Dec. 11, 2019).

Under Federal Rule of Civil Procedure 15(a)(2), a court must exercise its discretion to grant or deny a motion to amend "consonant with the liberalizing spirit of the Federal Rules." *U.S. ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.,* 889 F.2d 1248, 1254 (2d Cir. 1989) (reversing denial of motion to amend). In the absence of "undue delay, bad faith, or undue prejudice to the opposing party," leave to amend should be permitted. *Tokio Marine & Fire Ins. Co. v. Emp'rs Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir. 1986) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Generally, under Rule 15, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be

2

afforded the opportunity to test the claim on its merits." *Tailored Lighting, Inc.*, 255 F.R.D. at 346–47.

For this reason, "the rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). When, as here, a party seeks to add a party, the Court should also consider Federal Rule of Civil Procedure 20(a)(2), which states that:

> Persons . . . may be joined in one action as Salvadores if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all Salvadores will arise in the action.

*See also Xeikon Int'l, N.V. v. Gamut, Inc.*, No. 03-CV-6123L, 2004 WL 627896, at *3 (W.D.N.Y. Feb. 18, 2004) ("Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding."); *Smith v. Erie Cty. Holding Ctr.*, No. 08-CV-0485(Sr), 2013 WL 2286176, at *3 (W.D.N.Y. May 23, 2013) (citation omitted) ("In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15.").

## ANALYSIS

Salvadore's main contentions are that 1) Plaintiffs were dilatory in filing; 2) the amendment is futile as it does not state a claim; and 3) Plaintiffs have unduly delayed making this motion and are acting in bad faith. Salvadore contends that Plaintiffs' delay of two years and four months before bringing the instant motion to amend is dilatory, and therefore should preclude amending the complaint. (Def.'s

Mem. in Opp'n at 6, ECF No. 92-1.) Finally, Salvadore also contends she would be prejudiced if Plaintiffs' application is granted. (*Id.* at 6.)

The history of delays by both parties is lengthy. Plaintiffs' counsel was unreachable for a long period due to a medical issue (ECF No 36). Defense counsel's numerous objections to depositions greatly delayed their start due to the sheer number of filings and conferences with the Court. (ECF Nos. 64–67, 69.) The parties have also raised a series of discovery-related issues, examples of which include: emergency filings regarding images that were claimed to be for attorneys' eyes only and issues locating and attempting to depose Plaintiff's cellmate. As a result of lengthy delay by both parties, this case, which was filed in 2018, is still pending.

Plaintiffs' application to amend the complaint was filed after Salvadore filed her motion for judgment on the pleadings. (Pls.' Mot. to Amend, 2–4, ECF No 88.) Furthermore, it appears that each of the new allegations posed in the proposed amended complaint is directly related to discovery. It does not appear that Plaintiffs have intentionally delayed seeking leave to file an amended complaint.

As to Salvadore's contention that amendment would be futile, she argues:

> It has been repeatedly held in this Circuit, with no authority to the contrary, that falling asleep on the job is, at best, a negligent act that cannot form the basis for a claim of gross negligence, recklessness, or intentional wrongdoing. This is true even when the Defendant is alleged to have fallen asleep under extremely dangerous circumstances.

(Def.'s Mem. in Opp'n, ECF No. 92-1, 8–9.) However, the case at hand is not fully analogous to *Boddie v. N.Y. State Dept of Corr. Servs.*, 1997 U.S. Dist. LEXIS 12513, at *7–8 (S.D.N.Y. Aug. 20, 1997), or any of the other cases cited by Salvadore in support of her futility argument. For example, *Boddie* was a case that resulted in

4

dismissal of the 8th and 14th Amendment claims against a driver alleged to have fallen asleep at the wheel of a vehicle. In that case, no death occurred, and the driver was not a specialist, as is Salvadore, a registered nurse, in this case. *Dash v. Mayers*, No. 19-CV-414 (GBD) (JLC), 2020 U.S. Dist. LEXIS 71375, at *19 (S.D.N.Y. Apr. 23, 2020), deals with dismissal under Rule 12(b) where plaintiff alleged that while on 1:1 suicide watch, he spent 20 minutes banging his head on the wall, screaming, and crying very loudly for help from a corrections officer who was seated 10 feet away and was either sleeping or pretending to be. In *Dash*, it was a corrections officer who was on watch, not a nurse, and there was no death or permanent injury. Further, through discovery, Plaintiffs assert they have evidence that Salvadore habitually fell asleep at her post, a factual situation that is distinct from the one-time incidents in the cases cited by Salvadore. The cases demonstrate that the issue of whether sleeping on the job amounts to gross negligence, or merely simple negligence, is fact specific, thus making it premature at the amendment stage to determine futility.

Salvadore would not be prejudiced by the need to reopen fact discovery. Plaintiffs intend to base their claim on the purported fact that Salvadore had regularly slept on the job. Salvadore participated in discovery and must have been aware such a claim might be made based on the emerging discovery.

Finally, Salvadore claims the amendment is made in bad faith. (Def.'s Mem. in Opp'n 14, ECF No. 92-1.)

> It is not adding new causes of action or defendants, nor is it needed because new heretofore unknown evidence had [sic] to light; Plaintiffs have explicitly stated they seek to amend in order to provide a defense to a 12(c) motion that was filed three and a half months prior. That is highly improper.

*Id.* at 13. An amendment of the pleadings is particularly warranted where a party wants to conform its pleadings to evidence learned in discovery, as this "ensures that the pleadings reflect the issues actually discovered and litigated during the case." *Grand Light & Supply Co. v. Honeywell*, 771 F.2d 672, 680 (2d Cir. 1985). In fact, Rule 15(b) expressly allows a party to amend their pleadings to conform to the proof even after a case is tried.

The proposed amended complaint alleges a number of new issues. Foremost is that Salvadore habitually slept on the job and was deliberately indifferent in her duties.

13. This misconduct was not happenstance, or a momentary lapse in judgment, but was rather a conscious choice by Nurse Salvatore to sleep on duty, knowing full well that the Groveland Infirmary was full of patients who may need her help throughout the night. Here, one of those patients died while Nurse Salvadore slept. Instead of doing her job, Nurse Salvadore viewed the overnight shift at Groveland like it was a paid bedtime. This is a textbook example of grossly negligent, reckless and/or deliberate indifferent conduct.

14. The Plaintiff has secured expert opinions from two experts, a cardiologist and an experienced corrections nursing expert, both of whom have opined that Nurse Salvadore's conduct on April 19, 2015, as part of a pattern of sleeping on the job in an infirmary full of seriously ill detainees, represents the deliberate indifference to the serious medical needs of the patients for whom she is charged to care. In short, Nurse Salvadore's conduct represents a reckless and shocking departure from the standard of care that should be employed by a nurse who is supervising a prison infirmary full of seriously ill individuals.

17. While Nurse Salvadore's conduct is fairly characterized as grossly negligent and reckless so as to satisfy the standard for deliberate indifference to serious medical needs, the Plaintiff further maintains that the proof in this case supports the conclusion that Nurse Salvadore actually heard the call bell utilized to get her attention on behalf of Mr. Carey, and also heard the commotion caused by his roommates, and intentionally failed to respond to these calls for help. The nursing station is right across the hall from Michael Carey's room. Any person with

> normal faculties would have heard individuals loudly pounding on doors or windows from across the hall, and would also have heard the call bell. The Plaintiff maintains that Nurse Salvatore simply ignored these requests for help because she did not want to be disturbed, knowing that she was in an infirmary where emergent medical help for detainees may be necessary.

(Proposed Am. Compl. ¶¶ 13, 14 & 17, ECF No 88-3.) It cannot be overstated that this case involves the death of an inmate in the care of Salvadore, a medically-trained employee on duty to address medical issues, who slept nearby, oblivious to the inmate's serious situation and the hue and cry raised by the nearby inmates trying to rouse her because of the decedent's serious medical condition. While the case has had repeated delays occasioned by both sides, this amendment permits the complaint to include pertinent information unknown at the time of filing, information which may make the difference regarding the constitutional standard of deliberate indifference. For the reasons stated above, the Court grants Plaintiff's motion to amend. (ECF No 88.)

## SALVADORE'S MOTION TO DISMISS

"When a plaintiff amends its complaint while a motion to dismiss is pending the court may deny the motion as moot or consider the merits of the motion in light of the amended complaint." *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) (citation and internal quotation marks omitted). Having granted the application to amend the complaint, and addressing the futility argument in its decision on that motion, the undersigned recommends that the District Court deny Salvadore's cross-motion to dismiss.

First, the original pleading, against which the cross-motion was made, is no longer the operative pleading. Second, by addressing the futility argument during the analysis of the motion to amend, the undersigned has essentially mooted Salvadore's present argument against the complaint—that falling asleep on the job is merely negligent and does not rise to the standard of deliberate indifference to a serious medical need. However, as discussed above, the case law shows that deliberate indifference depends a great deal on the facts, and the facts alleged in the amended complaint here, in the undersigned's opinion, go beyond the mere negligence demonstrated in the cited authority. Having discovered that the nurse in this case, who was in the facility specifically to tend to the inmates' medical needs, *habitually* fell asleep on the job, and that allegedly because of the lack of medical attention the inmate in this case died, presents facts supporting a plausible claim of deliberate indifference to the inmate's serious medical need. Therefore, the undersigned recommends that the District Court deny Salvadore's motion to dismiss as moot.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiffs' motion to amend (ECF No 88.) and reports and recommends to the District Court that the Salvadore's motion to dismiss (ECF No 74) be denied as moot. Plaintiffs' counsel shall file a clean copy of the amended complaint as a separate entry on the docket within 10 days of this decision and order and report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order***. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED**

MARK. W. PEDERSEN
United States Magistrate Judge

Dated:    March 11, 2022
          Rochester, New York