UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CAREY and BARBARA CAREY,

                          Plaintiffs,

                  v.

LISA SALVADORE,

                          Defendant.
_____

DECISION AND ORDER

18-CV-6307L

      This case arises from the death of an inmate in the custody of the New York State Department of Corrections and Community Supervision. On April 19, 2015, Michael Carey ("decedent") was an inmate at Groveland Correctional Facility, housed in the facility's medical unit/infirmary because he suffered from several health problems, including asthma.

      According to the complaint, decedent died in the early morning hours of April 19 as the result of a severe asthma attack. Defendant Lisa Salvadore was at that time a registered nurse working in the infirmary.

      Decedent's parents, William and Barbara Carey, as the administrators of his estate, filed this action in April 2018, asserting a claim against Salvadore and a "John Doe" defendant under 42 U.S.C. § 1983. Plaintiffs alleged that, although on duty, Salvadore was intentionally asleep at the time of decedent's death, and that defendants' acts or omissions violated decedent's rights under the Eighth Amendment to the United States Constitution.[1]

---

[1] The John Doe defendant was alleged to have been a correction officer on duty in the medical unit. Plaintiffs have now dropped their "John Doe" claim.

Defendants moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. #74.)  Plaintiffs cross-moved for leave to file an amended complaint.  (Dkt. #88.)

This Court had previously referred this case to Magistrate Judge Mark W. Pedersen for all non-dispositive pretrial matters (Dkt. #20), and then referred defendants' Rule 12(c) motion to Magistrate Judge Pedersen for a report and recommendation.  (Dkt. #102.)  On March 11, 2022, Magistrate Judge Pedersen issued a Decision and Order (Dkt. #109) granting plaintiffs' motion for leave to file an amended complaint, and an amended complaint (asserting a claim against Salvadore only) was duly filed on March 18, 2022.  (Dkt. #111.)

Also on March 11, Magistrate Judge Pedersen issued a Report and Recommendation (Dkt. #110), recommending that the Court deny defendants' motion for judgment on the pleadings.  Defendants filed objections to the Report and Recommendation on March 24, 2022 (Dkt. #112.)[2]

Having reviewed the Report and Recommendation and defendants' objections, I concur with Magistrate Judge Pedersen's findings and conclusions, and I adopt the Report and Recommendation in its entirety.

I have read and considered defendants' arguments, and I find them unpersuasive.  That there appears to be no reported case on all fours with this one is not in itself dispositive, and contrary to defendants' arguments, the cases they have cited are materially distinguishable.  In *Boddie v. N.Y.S. DOCS*, 1997 U.S. Dist. LEXIS 12513 (S.D.N.Y. Aug. 20, 1997), for example,

---

[2] The Decision and Order granting the motion to amend and the Report and Recommendation recommending denial of defendants' motion for judgment on the pleadings were contained in a single document, but for the sake of administrative convenience were separately docketed.

the court held that a claim that the driver of a prisoner transport vehicle fell asleep at the wheel alleged no more than negligence, which is not enough to make out an Eighth Amendment claim. It seems almost too obvious to state, however, that the driver of a vehicle would not want to fall asleep at the wheel, if only for his or her own safety. The allegation here is that this was not an isolated incident in which Salvadore unintentionally dozed off, but that she routinely, intentionally slept on the job. Plaintiffs further allege that her doing so was particularly egregious because she was not a correction officer on an ordinary cell block, but a nurse working in a unit that housed prisoners with serious health problems, who for good reason were supposed to have a health care worker present at all times, ready to respond quickly to any emergency that might arise. Though it remains to be seen whether the evidence will support plaintiffs' claim, I fully concur with Magistrate Judge Pedersen's conclusion that plaintiffs have stated a facially valid claim under the Eighth Amendment.

## CONCLUSION

I adopt and accept the Report and Recommendation (Dkt. #110) of Magistrate Judge Mark W. Pedersen in its entirety. Defendants' motion for judgment on the pleadings (Dkt. #74) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 28, 2022.