UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CAREY and BARBARA CAREY,

                              Plaintiffs,

       v.

LISA SALVADORE,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

18-CV-6307DGL

Defendant has moved for summary judgment in this civil rights action relating to the death of Michael Carey while he was in custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Defendant seeks an order "sealing" approximately 40 documents that plaintiffs obtained during discovery and intend to use in opposition to the pending summary judgment motion.

Defendant seeks extraordinary relief since generally documents filed in federal court proceedings are public documents. Defendant, therefore, has the burden to justify such exceptional relief. She has failed to meet that burden. Therefore, defendant's motion to seal (Docket # 157) is denied, except for one small item discussed *infra*.

Plaintiffs William H. Carey and Barbara B. Carey, as administrators of the estate of their son Michael ("Michael"), commenced this action pursuant to 42 U.S.C. § 1983, asserting claims against Lisa Salvador in connection with the death of their son while he was in custody at the

Groveland Correctional Facility ("Groveland") on April 19, 2015.[1] Plaintiffs allege that at the time of Michael's death from pulmonary congestion, Salvador was working as a nurse at the medical unit where Michael was housed, and that she did nothing to help him and was unaware of his condition because she was asleep on duty.

On December 20, 2023, defendant filed a motion for summary judgment. (Dkt. #142). On March 9, 2024, plaintiffs' attorney filed a letter with the Court (Dkt. #155) indicating that in opposition to defendant's motion, plaintiffs intended to rely upon certain documents produced during discovery pursuant to the stipulated protective order entered on May 6, 2020 (Dkt. #54), including documents from defendant's personnel file.

Plaintiffs' counsel stated in that letter that he had informed defense counsel of his intention to file and rely upon those documents, and that defendant's attorney had indicated that defendant would be filing a motion requesting that the documents in question be filed under seal. Plaintiffs' attorney stated that he would oppose such a request.

Defendant filed the pending motion to seal on March 31, 2024 (Dkt. #157), and delivered to the Court a CD-ROM containing the documents at issue. Plaintiffs have filed a response in opposition to the motion, under seal. Plaintiffs request that the motion to seal be denied, and that plaintiffs be permitted to file the documents on the public docket.

---

[1] Although defendant's surname is spelled "Salvadore" in the complaint, it appears from the evidentiary record that the correct spelling is "Salvador."

## DISCUSSION

It has long been recognized that there is a presumptive right of public access to judicial documents. This "'presumption of access' ... is secured by two independent sources: the First Amendment and the common law." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

The "analysis with respect to each [of these sources of the right] is somewhat different." *Id.* "The common law right of public access to judicial documents ... is based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995)). "That right includes 'a general right to inspect and copy' ... judicial documents." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). If the court determines that the documents at issue are judicial documents to which a presumption of access attaches, the court must determine the weight of the presumption of access, and then balance competing considerations against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120.

The First Amendment also provides the news media and public a qualified right to access certain judicial documents.

To determine whether the First Amendment right attaches to a judicial document, the Second Circuit has articulated two approaches. Under the first, commonly referred to as the "experience and logic" approach, the court considers "both whether the documents have historically been open to the press and general public and whether public access plays a

significant positive role in the functioning of the particular process in question." *Id.* at 120 (internal quote omitted). Under the second approach, courts consider the extent to which the judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). If the First Amendment right of access exists under either approach, sealing is warranted "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.

The Court of Appeals has stated that "[b]ecause of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct when analyzing a particular proceeding or document." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013). Unfortunately, neither party in the case at bar has even mentioned the two different sources of the right of access, much less analyzed them separately. In fact, defendant has done little analysis as to why each document should be sealed. She has simply lumped them together as either irrelevant or prejudicial, thus forcing the Court to examine each document. The Court will therefore proceed without the benefit of the parties' input on the appropriate standards.[2]

The first question for the Court is whether the documents at issue–in this case, exhibits offered and relied upon by plaintiffs in opposition to the defendant's motion for summary

---

[2] Although there is Second Circuit authority that courts "need not, and should not reach the First Amendment issue" if the common law right of access attaches, *In re Newsday, Inc.*, 895 F.2d 74, 78 (2d Cir. 1990), it is unclear whether that admonition remains good law. *See United States v. Cohen*, 366 F.3d 612, 626 (S.D.N.Y. Feb. 7, 2019) (stating that "such guidance–ostensibly grounded in constitutional avoidance principles–appears out of vogue with the weight of more recent circuit precedent," and citing cases in which the Court of Appeals applied the First Amendment standard either in addition to or instead of the common law test).

judgment--are "judicial documents." *Lugosch*, 435 F.3d at 119. If they are, then the right of public access "gives rise to a rebuttable presumption of public availability." *Id.*

To be considered a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995)); *accord Stafford v. IBM Corp.*, 78 F.4th 62, 70 (2d Cir. 2023). "The Second Circuit has identified the continuum of judicial documents as ranging from 'matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *In re Search Warrant Dated Oct. 13, 2023*, 23 Misc. 389, 2023 WL 6938292, at *3 (S.D.N.Y. Oct. 20, 2023) (quoting *Amodeo II*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

In general, "documents submitted to a court for its consideration in a summary judgment motion are–as a matter of law–judicial documents to which a strong presumption of access attaches, under both the the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. That rule applies here. In fact, the Second Circuit has stated that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Cox v. Onondaga County Sheriff's Dep't*, 760 F.3d 139, 150 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir.1982)). Defendant has failed to show "compelling reasons" to seal.

At the same time, however, "it is well-settled that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Rodriguez v. City of New York*, 20 Civ. 11045, 2023 WL 2569889, at *1 (S.D.N.Y. Mar. 20, 2023) (quoting *Amodeo I*, 44 F.3d at 145). Rather, the document filed must be relevant

and useful in the sense that "it would reasonably have the tendency to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted).

In the case at bar, defendant states that she does not object to the public filing of "medical or investigatory records pertaining to Michael Carey's death," but she contends that "numerous documents" that plaintiffs seek to use "have no possible relevance to the motion for summary judgment." Def. Mem. at 2. Defendant contends that these documents have nothing to do with the circumstances of Michael's death, and that plaintiff seeks to publicly file them only to "cast Defendant in a negative light ... for the purpose of harassing and impugning the Defendant." (Def. Mem. at 2.) In response, plaintiffs assert that the documents–which generally relate to various matters concerning defendant's employment history–are relevant to a number of issues in the case, including the timeline of events, defendant's credibility, and to show a pattern of behavior on her part.

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). "To meet its heavy burden, the moving party must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F.Supp.3d 354, 357 (S.D.N.Y. 2020) (internal quote omitted). Defendant has failed to do so here.

In the case at bar, defendant has submitted for the Court's *in camera* review a CD-ROM containing forty-one files that comprise the documents defendant wants sealed.[3] Defendant seeks

---

[3] Several of the files appear to be identical to each other, so the total number of documents in question is somewhat less than forty-one.

the complete sealing of all those documents. (Def. Mem. at 2, 5.) Such "blanket" sealing is not appropriate.

"The blanket sealing of entire documents or all documents within a case is generally disfavored." *Imig, Inc. v. Omi Elec. Appliance Compay Co.*, No. CV 16-628, 2021 WL 9628853, at *1 (E.D.N.Y. Jan. 11, 2021) (collecting cases). *See also George & Co. LLC v. Spin Master US Holdings, Inc.*, No. 19-CV-4391, 2023 WL 8259000, at *1 (E.D.N.Y. Nov. 29, 2023) (stating that the "complete sealing of entire documents is inconsistent with the presumption of public access to judicial documents ... and the narrow tailoring required by *Lugosch*"); *Suntoke v. PSEG Power Connecticut, LLC*, No. 06-CV-1520, 2007 WL 1455847, at *1 (D.Conn. May 16, 2007) ("A blanket sealing order ... would rarely, if ever, be appropriate").

When a party seeks a sealing order, courts therefore require the request to be made with some specificity, both as to what documents or portions of documents should be sealed and why. *See, e.g.*, *United States v. Moussaoui*, 65 F.App'x 881, 889 (4th Cir. 2003) (directing government to "identify, with as much specificity as possible," what material was classified, "present its views concerning whether the [each individual] document [wa]s subject to a common law or First Amendment right of access," and offer argument concerning the need for sealing, taking account of "the fact that sealing an entire document is inappropriate when selective redaction will adequately protect the interests involved"); *United States v. Falzarano*, No. 23-cr-168, 2024 WL 2131735, at *1 (D.Conn. May 13, 2024) (noting court's requirement that if counsel for either side sought sealing of documents, they had to "explain[ ] why sealing of <u>each of the individual exhibits</u> is supported by <u>clear and compelling reasons</u>"); *BAT LLC v. TD Bank, N.A.*, No. 15 CV 5839, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019) ("The burden is on the party seeking

to file the document under seal to show as to each document the specific harm or prejudice that will occur if sealing is not authorized").

In the case at bar, defendant asserts in broad fashion that all of the documents in question "have no bearing on [defendant's] motion" for summary judgment, Def. Mem. at 5, that they are therefore not judicial documents, and that they should be filed under seal, if at all. Defendant has made almost no attempt to differentiate among them, however, much less to explain why particular documents should be sealed or to identify specific parts of the documents that are objectionable. Little or no analysis was provided to specifically demonstrate why sealing is warranted.

In response to defendant's motion to seal, plaintiffs contend that the documents are relevant for several purposes, including to show that defendant was working in the infirmary on dates when plaintiff's witness, inmate Terry Nudd (who testified that he saw defendant sleeping while on duty), was housed there. Defendant replies that insofar as the documents are relevant to show the dates on which defendant was working, the publicly-filed copies should be redacted to show nothing but their dates.[4]

If that were the only purpose for which plaintiffs sought to use this evidence, defendant's argument might have more force, but it is clear that this is only one of the purposes for which plaintiffs intend to use these documents. Plaintiffs state that they "plan to rely on these documents for impeachment, to counter the Defendant's misleading Statement of Material Fact,

---

[4] Plaintiffs have filed their memorandum of law in opposition to defendant's motion under seal, along with 19 exhibits, also filed under seal. (Dkt. #161.) It is not apparent whether those 19 exhibits are the only documents that plaintiffs seek to introduce in opposition to defendant's summary judgment motion, or whether they are submitted only as illustrative of the arguments raised in their memorandum of law, but for purposes of this Decision and Order, the Court proceeds on the assumption that the documents at issue are all those contained on the CD-ROM submitted by defendant.

and to demonstrate, relative to some factual issues, pattern and intention by Nurse Salvadore." (Pl. Mem. at 1.)

The Court has reviewed the documents at issue, some of which relate to the DOCCS investigation that took place following Michael Carey's death. Although defendant was ultimately not disciplined in connection with Michael's death, the Court concludes that plaintiffs should be permitted to present those documents to fill in the details and complete the story of what occurred. In any event, the fact that defendant was not disciplined means that the prejudicial effect of this evidence is virtually nil.

The remainder of the documents concern events that are not directly related to Michael's death. These events, which both predate and postdate his death, generally relate to defendant's job performance, particularly in relation to other inmate patients in the infirmary, and they plainly are unfavorable to defendant.[5] Plaintiffs state that they seek to use these documents "to prove opportunity, intent, plan, knowledge or absence of mistake in a civil rights action." Pl. Mem. at 5. Plaintiffs further state that the documents are relevant to defendant's credibility, particularly since (according to plaintiffs) defendant lied at her deposition when asked about some of the matters reflected in the documents.

Regardless of the extent to which, if any, the Court ultimately relies upon these documents in deciding defendant's motion for summary judgment, the Court concludes that they are "judicial documents to which a strong presumption of public access attaches, under both the common law and First Amendment." Whether the documents are persuasive to defeat the

---

[5] The names of the patients have been blacked out in all the documents, with one exception, as explained below.

summary judgment motion is for another day and is not determinative as to the need for sealing. *Lugosch*, 435 F.3d at 121.

Insofar as they concern defendant's job performance, the documents bear some relation to the matters involved in this litigation, and thus are "relevant to the performance of the judicial function and useful in the judicial process." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (internal quote omitted). *See also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("The locus of the inquiry is, in essence, whether the document 'is presented to the court to invoke its powers or affect its decisions'") (quoting *Amodeo II*, 71 F.3d at 1050).

That is not to say that the documents will necessarily play an important role in the Court's disposition of defendant's summary judgment motion; indeed, they may end up having no effect whatsoever on the Court's decision. But that is not the test. In *Lugosch*, the Court of Appeals made clear that when documents have been submitted in connection with a motion for summary judgment, it is error for the district court to decide the motion first, and then determine in hindsight whether particular documents were judicial documents based on whether or not the court relied on them. The Second Circuit acknowledged that some documents may be of such tangential relevance that they play only a "negligible role" in the judicial process, but added that this "relates only to the weight of the presumption of access, not to whether something is a judicial document to begin with." 435 F.3d at 122. *See also Brown*, 929 F.3d at 50 ("the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon").

Having determined that the documents at issue are judicial documents, the Court further finds that they should be publicly filed, and that defendant has not carried her burden to demonstrate that they should be sealed, under either the common law or First Amendment standard.  Under the First Amendment standard, an order sealing judicial documents must be supported by "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"; "[b]road and general findings by the trial court" are insufficient.  *United States v. Erie County, N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch*, 435 F.3d at 120).  The common law approach is similar. *See Olson*, 29 F.4th at 88 ("the [common law] presumption of access 'requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access'") (quoting *Newsday*, 730 F.3d at 167 n.15).

Defendant has not come close to meeting that test.  She contends that these documents are not factually related to Michael Carey's death and that plaintiff's only motive in seeking to file them is to embarrass her.  As explained, however, the documents are not so far removed from the issues in this case that sealing is warranted.

Defendant has also failed to identify any specific harm sufficient to overcome the strong presumption of public access accorded to documents filed in connection with summary judgment motions.  Plaintiffs are not seeking to introduce documents containing "deeply personal information" introduced for no other purpose than "calumny or score-settling," *see Abraham v. Leigh*, No. 17 Civ. 5429, 2020 WL 5095655, at *2, *10 (S.D.N.Y. Aug. 28, 2020), or to "gratify private spite" or "circulate libelous statements" about defendant, *see Owino v. CoreCivic, Inc.*, No. 17-CV-1112, 2020 WL 8619957, at *1 (S.D.Cal. Jan. 9, 2020).  That some of the matter

contained in these documents might cause some embarrassment or discomfiture to defendant is unremarkable; if that were all it took to justify keeping documents inaccessible to the public, sealing would be the norm, not the exception. *See Hodgson v. Roper*, No. 20-cv-650, 2022 WL 297089, at *13 (E.D.Cal. Feb. 1, 2022) (observing that "most if not all litigation can be harassing and embarrassing to some extent"). But that is not the law, as the Second Circuit has repeatedly emphasized. Sealing is the exception and defendant has the burden to justify that exception.

For all these reasons, the Court denies defendants' motion to seal, except in one respect. One of the documents at issue is a transcript of defendant's testimony at a hearing conducted by DOCCS on April 24, 2015, in connection with an investigation into Michael Carey's death. That transcript contains several references to another inmate who was a patient in the infirmary. (Tr. at 30, 33, 34.) When filed, the transcript should be redacted to black out that inmate's name. Although it appears that the names of other nonparty inmate infirmary patients have been redacted from the remainder of the documents (aside from plaintiff's witness, inmate Nudd), plaintiff must ensure that no identifying information is contained in any medical records with respect to such inmates.

It bears repeating that the Court does not at this point reach any conclusion concerning the ultimate weight that these documents warrant in connection with defendant's motion for summary judgment, or for that matter their admissibility. Such determinations must await plaintiffs' response to defendant's motion for summary judgment.

## CONCLUSION

Defendant's motion to seal documents (Dkt. #157) is denied. The documents at issue may be publicly filed and cited by plaintiffs, to the extent that plaintiffs rely upon them in their response to defendant's motion for summary judgment (Dkt. #142). Plaintiffs must ensure when filing the documents that the names and any other identifying information with respect to nonparty, non-witness inmates are redacted from the publicly filed documents.

Plaintiffs must file their response to defendant's motion for summary judgment no later than July 15, 2024. Defendant's reply must be filed no later than fourteen (14) days after the filing of plaintiffs' response.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 13, 2024.