```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------x        18-CV-6307(DGL-MJP)
WILLIAM CAREY, ET AL.,

        vs.
                                      Rochester, New York
LISA SALVADORE,                       February 24, 2021

                Defendant.
-----------------------------x
```
**CASE MANAGEMENT CONFERENCE**

```
              TRANSCRIPT OF PROCEEDINGS
       BEFORE MAGISTRATE JUDGE MARK W. PEDERSEN
            UNITED STATES MAGISTRATE JUDGE


FOR PLAINTIFF:      LAW OFFICES OF ELMER ROBERT KEACH, III, PC
(Via Video)         BY:  ELMER R. KEACH, III, ESQ.
                    One Pine West Plaza
                    Suite 109
                    Albany, New York 12205

FOR DEFENDANT:      NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
(Via Video)         BY:  HILLEL DAVID DEUTSCH, AAG
                    Department of Law
                    144 Exchange Boulevard
                    Rochester, New York 14614




TRANSCRIBER:        Diane S. Martens
                    dimartens55@gmail.com


(Proceedings recorded by electronic audio recording,
 transcript produced by computer.)
```

1        **P R O C E E D I N G S**

2                    *       *       *

3

4       (**Via Video:**)

5       **THE CLERK:** We are on the record.

6       This is case number 18-CV-6307, Carey et al. v.

7  Salvadore.

8       **MAGISTRATE JUDGE PEDERSEN:** Okay. And I have on with me

9  I see Mr. Deutsch here.

10      Whom else do I have?

11      **MR. KEACH:** It's Mr. Keach, your Honor.

12      **MAGISTRATE JUDGE PEDERSEN:** Mr. Keach, okay. You threw

13  me off there for a moment because the name on your screen is

14  "Bob".

15      **MR. KEACH:** I'm sorry, sir. That's what I go by. My

16  middle name is Robert.

17      **MAGISTRATE JUDGE PEDERSEN:** Okay. Thank you.

18      The docket doesn't have that listing.

19      But anyway, Mr. Brown is not going to be joining us?

20      (No response.)

21      **MAGISTRATE JUDGE PEDERSEN:** Mr. Deutsch?

22      **MR. KEACH:** Your Honor, I don't believe there's a

23  Mr. Brown associated with this case. It would be just myself

24  and Mr. Deutsch.

25      **MAGISTRATE JUDGE PEDERSEN:** So, Mr. Deutsch, you might

1 want to take Mr. Brown off the case because he's still
2 appearing on the docket.  Matthew Brown.
3     (No response.)
4     **MAGISTRATE JUDGE PEDERSEN:**  Mr. Deutsch, you're going to
5 make this conference go very smoothly if you continue to keep
6 your volume off.
7     No objection from the defense?
8     (No response.)
9     **MAGISTRATE JUDGE PEDERSEN:**  No, I still don't hear you.
10 If we're having audio problems, you can call into the Court's
11 PA system and Mr. Bock can provide you with that phone number
12 so that we can at least have some audio on your side.
13     Mr. Bock, if you want to provide him with that phone
14 number.
15     **THE CLERK:**  Certainly, Judge.  One moment.
16     (WHEREUPON, there was a discussion held off the record
17      and a pause in proceedings.)
18     **THE CLERK:**  Okay.  Mr. Deutsch, can you hear us?
19     **MR. DEUTSCH:**  I can hear you.  Can you hear me?
20     **THE CLERK:**  Yes, we can.
21     **MAGISTRATE JUDGE PEDERSEN:**  Yes.  So you may want to
22 turn off the speaker on your computer.  You can leave the
23 video on if you want to.  All right.
24     The last item I have in this case is filed on
25 December 17th, 2020, a status report, document number 73,

1   asking for an extension of discovery to December 24th of
2   2020.  And, I'm sorry, disclosure deadline for the plaintiff
3   for February 1st, 2021.  And an expert disclosure date for
4   the defendant 45 days later.  These dates have already gone
5   by the wayside.
6       Mr. Keach, this is at your request.  Why don't you go
7   ahead and let me know what the status is now.
8       **MR. KEACH:**  Well, your Honor, the plaintiff is preparing
9   to make their expert disclosures and I know I did have
10  discussions with Mr. Deutsch about extending that deadline,
11  although there was some disagreement about which, you know,
12  what date it was extended from but I did talk with him as I
13  extended that into February, into the middle of February.
14      The plaintiff has two experts:
15      One is Dr. Bruce Charash, a cardiologist.
16      The other is Rhonna Medlin, a nurse.
17      Both of these individuals have been disclosed to the
18  state government.  I'm not sure they've been provided
19  (indiscernible).  There's a companion claims case.  Both of
20  these individuals have provided affidavits in that companion
21  claims case and I believe that they (indiscernible) in this
22  case.
23      Relative to Nurse Medlin, she did not return my calls or
24  was not in touch with me for several weeks.  I was very
25  disconcerted about that and finally was able to reach her

1 late last week.
2     She indicated that she was working with Illinois --
3 initially I thought it was some COVID-related job, and it may
4 well be, but I believe she was working in some sort of
5 psychiatric hospital, was working there for three -- two to
6 three weeks for 17 hours a day, or 16 hours a day, depending
7 on (indiscernible) but she didn't get back to me but she, I
8 have, you know, contacted her.
9     I tried to get her to confirm before today's conference
10 that she could give me the expert disclosure by March 1st.  I
11 wasn't able to reach her but that certainly is my vision at
12 this point is to provide expert disclosures in this case by
13 March 1st.  I'm hoping to do that by -- I may ask the Court
14 for some additional latitude if I can't reach her again.  But
15 I would think, at a minimum, the last week -- at the end of
16 the first week in March, I would have these disclosures done
17 and then we can move forward, we can move forward with this
18 case.
19     **MAGISTRATE JUDGE PEDERSEN:**  This nurse that you're
20 talking about in Illinois, is that the nurse who's the
21 defendant in this case or your expert?
22     **MR. KEACH:**  She's my expert.  She's a nurse on -- she's
23 nurse on -- she's an expert on corrections (phonetic) nurse.
24     **MAGISTRATE JUDGE PEDERSEN:**  Okay.  And the other expert
25 you have is no problem to contact?

1     **MR. KEACH:** No, I've been in touch with him. I know
2 that he indicated to me he would have me his report this
3 week. I did try to confer with him before the conference to
4 get a precise date but I couldn't reach him this morning.
5     **MAGISTRATE JUDGE PEDERSEN:** Okay.
6     **MR. KEACH:** But I was --
7     **MAGISTRATE JUDGE PEDERSEN:** Okay.
8     **MR. KEACH:** But he -- I was, and am, impressed with him
9 and I spoke with him a couple days ago about some other
10 matters that he works with my office on.
11     **MAGISTRATE JUDGE PEDERSEN:** Now I know this case has
12 been pending for -- well, since 2018. We had some discussion
13 the last time about extending discovery deadlines at your
14 request and I did so. And I'm concerned --
15     **MR. KEACH:** Your Honor --
16     **MAGISTRATE JUDGE PEDERSEN:** -- that you're asking me for
17 another extension because we're kind of behind here in this
18 case. It's going to come on to my three-year cases list
19 soon.
20     **MR. KEACH:** Well, I think there's, there's two parts to
21 that, your Honor.
22     First off, all the discovery is done. There were some,
23 you know, we had the discussion with your Honor in November,
24 the circumstances under which we could take the depositions.
25 We concluded the deposition of Terry Nudd and the defendant

1   Lisa Salvadore in this case under those conditions.
2          We initially had Mr. Nudd scheduled early December.  We
3   had to adjourn that because he had an active MRSA infection.
4   We were able to (indiscernible) using his phone.  I did not
5   get Lisa Salvadore's deposition transcript from the court
6   reporter until last week so that did not help my cause.
7          I think there's two components to this, this dynamic.
8   First off was delays associated with getting these
9   depositions done.  And, second, you know, a good portion of
10  the delay in this case had to do with my own personal
11  situation which I raised with the Court -- which I raised
12  with the Court before.  I don't really want to get into that.
13  I'm also not going to deny that those issues will continue to
14  linger for me but this -- we're done.
15         I just need to provide these disclosures.  Mr. Deutsch
16  can make whatever disclosure he needs to.  He can depose
17  these folks, if he chooses to do so, and, you know, he's
18  already made a Rule 12(c) motion.  I'm not sure what the
19  basis for doing that was.  Certainly I want to and need to
20  have expert disclosures in this case.
21         You do not need to have expert disclosure to prove
22  deliberate indifference, especially in a case like this.  You
23  don't need it, although I certainly need it (indiscernible),
24  although as a legal matter you do not need it.  But I'll
25  respond to his 12(c) motion in due course.  I would assume

1   he'd want to make a summary judgment versus 12(c) because my
2   only response to a 12(c) is going to be in front of a
3   District Court, look at the all the -- look at the discovery
4   we've taken, you know, and here are the fact of the case
5   (distorted audio) and the facts of the case from the
6   plaintiff's perspective are that the nurse routinely went in
7   to work and went to sleep, you know, in a critical care ward
8   of a correctional facility.  I think her conduct during her
9   deposition and her conduct during her employment, I think the
10  argument could also be credibly made that this may well have
11  been an intentional act, circumstantial evidence.
12       But I can respond to Mr. Deutsch's, you know, Mr.
13  Deutsch's motion in due course.  I would assume he would want
14  to put in a summary judgment motion and raise qualified
15  immunity.  And we can, you know, hopefully we can do that and
16  get it resolved pretty quickly.
17       **MAGISTRATE JUDGE PEDERSEN:**  If, of course, you rely on
18  evidence outside the pleadings, you're inviting the District
19  Court to convert it to a summary judgment motion but I'm sure
20  you're familiar with that.
21       Mr. Deutsch --
22       **MR. KEACH:**  Right.
23       **MAGISTRATE JUDGE PEDERSEN:**  -- what's your position on
24  the fact that now that factual discovery is done, we just
25  need a date to make expert witness disclosures and conduct

1  expert discovery?

2  **MR. DEUTSCH:**  Yes, your Honor.

3  I mean, my, my position is that that was done.  Court
4  issued its scheduling order in May.  The scheduling order in
5  May had a date for expert disclosures.  Then in November the
6  Court extended it 30 days which is, you know -- and then the,
7  the date for expert disclosures was then set and then
8  Mr. Keach requested that it be extended until February 1st.
9  While the Court never ruled on that and that either
10 January 18th or February 1st was the date and so that has
11 clearly come and gone.  To my mind the date was already set
12 and there -- I'm really not exactly sure what's being asked
13 here, I guess.

14 **MAGISTRATE JUDGE PEDERSEN:**  He's asking me for yet
15 another extension on the discovery of expert witnesses.

16 **MR. DEUTSCH:**  Right.  And I think the issue here is, you
17 know, if this would have been, you know, the first time that
18 something like this would have happened, I understand some
19 dates go by but this is a case where literally we had to
20 start discovery over from scratch a year into this case.  I
21 mean, this is a case where there was a scheduling order that
22 was issued in November of 2018.  Discovery has been open
23 since 2018.

24 And then we had to start it over from scratch and we had
25 a conference before this Court and your Honor asked

1    Mr. Keach -- said:  Okay, I will give as much time as you
2    need.  How much time do you need?  And he said I need five
3    months for fact discovery and another month for expert
4    discovery.  And the Court said sure you can have it.  And
5    then the five months came and Mr. Keach said I need another
6    two months.  And the Court said, okay, you can have an extra
7    two months.
8        And this was after all the deadlines had been blown and,
9    frankly, after the Court had read Mr. Keach the riot act over
10   the fact that at no point had he timely said that there were
11   any issues, there were any problems and had never asked for a
12   timely extension.
13       In this particular case, Mr. Keach reached out to the
14   Court, proposed a date of February 1st without having
15   confirmed that with me which is not the end of the world but
16   when he did reach out to me, I said I don't have a problem
17   with it but you need to let the Court know.  He didn't let
18   the Court know.  He then followed up with another email where
19   he said I'm going to let the Court know and he didn't let the
20   Court know.  And then February 1st came and went.
21       And, your Honor, this isn't a situation where, you know,
22   12:01 on February 2nd I'm running to the Court.  I gave him a
23   week.  I gave him two weeks.  Nothing happened in a case that
24   has been pending -- discovery's been pending for two and a
25   half years.  And, so, finally, about three weeks past his

Carey, et al. v. Salvadore - 18-CR-6307


1  deadline, I did the 12(c) basically saying there's no expert
2  discovery here.  At no -- the Court's order was crystal clear
3  that there needs to be good cause shown as to why there was
4  not a timely request for an extension made.  There was no
5  timely extension, you know, request made, and there's not
6  been any excuse as to why.
7       I just think the request should be denied and we should
8  move on to dispositive motions.
9       **MAGISTRATE JUDGE PEDERSEN:**  Okay.  Let me --
10      **MR. KEACH:**  Your Honor, may I be --
11      **MAGISTRATE JUDGE PEDERSEN:**  -- just deal with a
12 housekeeping matter first.  My iPad tablet here has run out
13 of battery power so my video shut down.  But I can still hear
14 you Mr. Keach and see you, as well.
15      Mr. Keach, go ahead.
16      **MR. KEACH:**  I, you know, I do not believe the Court has
17 ever read me the riot act.  That doesn't really jive with
18 your Honor's style.
19      And in terms of the deadlines in the case being crystal
20 clear, Mr. Deutsch's criticism is correct.  I should have
21 reached out to the Court earlier.  (Indiscernible) some tale
22 of woe, but when you've been practicing for 25 years and are
23 suddenly a solo practitioner, you know, things sometimes get
24 a little chaotic, especially when you're trying to administer
25 a class action settlement with (distorted audio) provided

Carey, et al. v. Salvadore - 18-CR-6307

```
 1  which involves thousands of (distorted audio) what
 2  Mr. Deutsch said earlier is true.  But I do not agree with
 3  the perception that the orders in this case were, were
 4  crystal clear.
 5       And, again, that's with the proviso that I acknowledge
 6  that I should have reached out to the Court earlier, but, you
 7  know, the Court's order from May extended the discovery
 8  deadline and did not address the expert disclosure deadline
 9  and I asked for an extension and a status report and that,
10  that was never heard.
11       All I know is that I (distorted audio) done with this
12  case -- I need to apologize, your Honor.  My stepdaughter's
13  in the background.
14       You know, I need -- we're done with this case.  I need
15  to provide these disclosures.  It was my fault.  I just
16  wanted to get the defendant's deposition transcript and it is
17  something that is out of my control (indiscernible) and one
18  of the reasons I didn't reach out to Mr. Deutsch is because I
19  was frantically calling Rhonna Medlin to get some idea from
20  her as to about when I could expect a report from her and
21  about where she was and what was happening and I finally was
22  able to do that but that was only after Mr. Deutsch had filed
23  the --
24       **MAGISTRATE JUDGE PEDERSEN:**  I can see him on your
25  screen.
```

1     **MR. KEACH:** I don't believe it is unusual. These are
2  difficult times to get anything done with medical
3  professionals and having these sorts of problems reaching
4  medical professionals across my cases and getting medical
5  records and deposing doctors and even finding doctors.
6  (indiscernible) place contacts the 19, Rule 19 issues and I
7  did the best I can to address this. I don't believe that is
8  what should have occurred here. If there's some lesser
9  remedy that the Court feels is appropriate, I could discuss
10  that with your Honor and Mr. Deutsch now but preclusion
11  should not be among, precluding experts in the case
12  (indiscernible).
13     **MAGISTRATE JUDGE PEDERSEN:** Okay. So if I were to say
14  that I'm not going to extend the deadlines, that would be the
15  equivalent of precluding experts?
16     **MR. KEACH:** Yes. I would -- well, I would, I would
17  still make the disclosures. Mr. Deutsch would have to make a
18  motion. But if the Court did not extend the expert
19  disclosure deadline, then Mr. Deutsch's response would be the
20  expert disclosure deadline wasn't complied with and I can't
21  disclose my experts.
22     **MAGISTRATE JUDGE PEDERSEN:** Mr. Deutsch, is that your
23  position?
24     **MR. DEUTSCH:** My position is that his experts were due,
25  I believe, three weeks ago at this point, even assuming that

1    the Court had granted -- either five weeks ago or three weeks
2    ago depending on how it would be determined and he hasn't
3    produced them so they would be untimely.
4         My position would not be that he would necessarily be
5    precluded entirely.  It would be that he would have to make a
6    motion and he would have to explain why there was no timely
7    disclosure nor was there a timely request.  And if the Court
8    found that that was excused, then he would be able to present
9    his expert.  But, if not, then he wouldn't be able to and we
10   would go based on the witnesses which are, you know, include
11   two doctors who have already testified.
12        So, he would not be able to get the experts of his
13   choice if that motion failed but he would still have the
14   ability to bring that motion and explain it.  And, absent
15   that, he would have to rely on the testimony that was taken
16   but, again, that includes testimony of two doctors.
17        **MAGISTRATE JUDGE PEDERSEN:**  And the motion to preclude
18   experts or to prevent experts would be before the District
19   Court because it would be a trial issue?
20        **MR. KEACH:**  I believe it would be --
21        **MR. DEUTSCH:**  Yes, your Honor, that would be my, my
22   interpretation of it.
23        **MAGISTRATE JUDGE PEDERSEN:**  I'm sorry, Mr. Keach, you
24   were going to respond to that, as well?
25        **MR. KEACH:**  I believe that is a discovery issue that

1    would be sent to your Honor.  That is not a dispositive
2    issue.
3         **MAGISTRATE JUDGE PEDERSEN:**  That's what I was thinking,
4    as well.
5         Well, since the issue would be before me eventually if I
6    were to deny an extension here, I might as well address the
7    issue now.
8         I know that we've all been laboring with the
9    restrictions imposed by the global pandemic.  I understand
10   your concern about the nurse being unavailable to you easily
11   because she's working 16 hours and she's in the state of
12   Illinois.
13        I am, as I mentioned when we started, concerned that
14   dates slip and then I hear from you asking for extensions.
15   That's not the way to run this business because, otherwise,
16   we do have cases that drag out far too long.  It's usually
17   the plaintiff who's interested in moving the case forward
18   quickly and in this case it seems to be reversed.
19        I have denied Mr. Deutsch's requests several times to
20   allow extensions in this case primarily because it's a
21   serious matter of somebody dying inside of a correctional
22   facility allegedly because of the negligence of one of the
23   employees at the facility.
24        So, here's what I'm going to do.
25        In an abundance of generosity and caution, I'm going to

1  give you until March 31st to disclose your expert witnesses
2  and any reports by that witness.
3       Mr. Deutsch, if I do not provide any dates for your
4  expert witnesses, that doesn't preclude them, does it?
5       **MR. DEUTSCH:**  No, your Honor.  He has until that time
6  and he can either -- I would ask that the Court set some sort
7  of date for us, as well, so there's no confusion over the
8  matter.  But if he -- after reading his expert reports, be
9  able to take it forward from there.
10      **MAGISTRATE JUDGE PEDERSEN:**  Okay.
11      **MR. KEACH:**  Your Honor, this is --
12      **MAGISTRATE JUDGE PEDERSEN:**  Go ahead, Mr. Keach.
13      **MR. KEACH:**  Mr. Deutsch and I discussed 45 days and
14  that's what's reflected in the status report.  If that's what
15  he wants, that's fine with me.  If he wants 60 days,
16  whatever, whatever he feels is appropriate -- whatever he
17  needs is more appropriate, whatever he needs (indiscernible).
18      **MAGISTRATE JUDGE PEDERSEN:**  So if I make the plaintiff's
19  expert disclosure March 31st, 2021, that's a Wednesday, and
20  if I make the defense expert disclosure May 14, 2021, and
21  close all expert discovery June 30, '21, that does not
22  preclude the District Court from addressing the pending
23  motion in the interim.
24      And since that's a 12(c) motion, it's going to be on the
25  pleadings unless the District Court decides to convert it, in

1   which case then under 56 -- I don't remember which
2   subdivision it is -- Mr. Keach could say I need further
3   discovery in order to sufficiently oppose this summary
4   judgment motion.
5       But that's where I'm going to leave it now on expert
6   disclosure.
7       After June 30, 2021, I don't expect to see the case
8   again. I expect that it's going to be in front of the
9   District Judge solely at that point for dispositive motions
10  or for trial.
11      Anything further, Counsel?
12      **MR. DEUTSCH:** Nothing here, your Honor.
13      **MR. KEACH:** No, sir.
14      **MAGISTRATE JUDGE PEDERSEN:** Thank you very much.
15      **MR. DEUTSCH:** Thank you, your Honor.
16      **MR. KEACH:** Thank you, your Honor.
17      (**WHEREUPON**, proceedings adjourned.)
18
19
20
21
22
23
24
25

```
 1
 2                    *         *         *
 3              **CERTIFICATE OF TRANSCRIBER**
 4
 5          In accordance with 28, U.S.C., 753(b), I
 6  certify that this is a true and correct record of proceedings
 7  from the official audio recording of the
 8  proceedings held in the United States District Court
 9  for the Western District of New York before the
10  Honorable Mark W. Pedersen on February 24, 2021.
11
12
13  S/ Diane S. Martens
14  Diane S. Martens
    Transcriber
15
16
17
18
19
20
21
22
23
24
25
```